UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BOBBY QUINN                                                              PLAINTIFF

V.                                                    CIVIL ACTION NO. 3:25-CV-736-DPJ-ASH

RANKIN COUNTY SHERIFF'S DEPARTMENT                                       DEFENDANT

ORDER

On September 29, 2025, pro se Plaintiff Bobby Quinn filed suit against the Rankin

County Sheriff's Department (RCSD) under 42 U.S.C. § 1983.  Compl. [1] at 2; *see* Order [3]

(granting in forma pauperis status).  RCSD responded by filing a motion for judgment on the

pleadings [8] under Federal Rule of Civil Procedure 12(c).

Quinn did not respond to the motion.  Instead, he filed an "Amended and Corrected

Complaint," seeking to add 23 defendants, including Rankin County, the Central Intelligence

Agency, the Department of Defense, the Department of Justice, Jackson Police Department,

Kemper Life Insurance, and St. Dominic Hospital.  Am Compl. [10] at 2.[1]  United States

Magistrate Judge Andrew S. Harris entered a Text-Only Order on February 18, 2026, ordering

that no process shall issue as to the new defendants until the Court has completed its screening

procedures.  RCSD also filed a motion to dismiss [11] the Amended Complaint under Rule

12(b)(6).  Quinn has not responded, and the time to do so has passed.

I.      Quinn's Allegations

*Complaint.*  Starting with Quinn's initial complaint, he claims he was "arrested and

imprisoned for 6 months as a result of malicious prosecution and released on 28 Sep 23."

---

[1] Rule 15(a)(1)(B) allows a party to "amend its pleading once as a matter of course" within "21
days after service of a responsive pleading."  Quinn filed his Amended Complaint [10] within 21
days of RCSD's Answer [7].

Compl. [1] at 2.  Quinn says RCSD officers influenced the outcome of a civil divorce matter, tampered with evidence, and deprived him of counsel and due process.  *Id.* at 2–3.  He concludes, "Unnamed officers of RCSD followed, harassed, and intimidate[d] plaintiff while making false allegations under color of law."  *Id.* at 3.

***Amended Complaint.***  Quinn's Amended Complaint is 55 pages long.  Am. Compl. [10].  He starts by claiming that he is the "victim of a lifelong, trauma based, psychological torture experiment commonly known as MKULTRA masterminded by the CIA (Central Intelligence Agency)."  *Id.* at 10 (capitalization altered); *see id.* at 11 (alleging he "was chosen for this experiment before [he] was born").  He explains that a woman named Quan Yin, who works for the CIA, has a YouTube channel where she discusses Quinn's life.  *Id.* at 23–26.  Quan Yin "exposes the plans of law enforcement to have me illegally locked up in prison or in a mental health facility or dead by way of poisoning, kidnapping, or heart attack."  *Id.* at 27.  Quinn believes "[a]ll defendants are working in tandem and collusion to effect that end."  *Id.*

Specific to RCSD, Quinn claims:

- in 2014, he underwent a traffic stop by RCSD and was "held on the side of the road for over an hour," *id.* at 43;

- in 2016, he alleges a "setup" took place involving an arrest by an RCSD officer, a loss of "property," and a "Protective Order hearing," *id.* at 45;

- on an unknown date, he was approached by an RCSD officer while working at a construction site and was told he "was not to be in Rankin County," *id.* at 48;

- on an unknown date, while "locked up in Rankin County jail" for six months, he "got in a fight and the deputies stood at the door and watched" as part of a "setup," *id.* at 49; and

- on an unknown date, RCSD was ordered by the court "to do psych evaluations" every week for the last "10 weeks of [his] incarceration" but, when Quinn told the "evaluator" about the CIA's involvement, the evaluations stopped, *id.* at 52.

Quinn seeks $200,000,000 in compensatory and punitive damages "from every individual party involved." *Id.* at 55. And he closes by saying, "It is my assumption that their motion to dismiss is moot, especially since RCSD cannot be sued individually." *Id.*

II.     RCSD's Motions

In both its motion for judgment on the pleadings and its motion to dismiss, RCSD argues it "is not a political subdivision and not amenable to suit" because it "does not enjoy a separate legal existence, apart from [the] County." *Rowry v. City of Meridian*, No. 3:22-CV-68-CWR-FKB, 2023 WL 2605021, at *2 (S.D. Miss. Mar. 22, 2023) (internal quotation marks and citation omitted); *see* Dismiss Mem. [12] at 5; Mem. [9] at 4. Quinn seems to agree. *See* Am. Compl. [10] at 55 (acknowledging "RCSD cannot be sued individually"). The Court finds the claims against RCSD in the Complaint [1] and the Amended Complaint [10] should be dismissed.

Alternatively, RCSD raises other meritorious grounds in its two motions which are briefly addressed below.

***Motion for Judgment on the Pleadings.*** In his original Complaint, Quinn alleges RCSD unlawfully arrested him around April 2023. *See* Compl. [1] at 2 (stating he was imprisoned for six months and released on September 28, 2023). And RCSD confirms Quinn was found in contempt of court on April 19, 2023. Mem. [9] at 1; *see* J. [8-1]; *see also Clyce v. Farley*, 836 F. App'x 262, 267 (5th Cir. 2020) (noting "district court may take judicial notice of matters of public record"). RCSD says Quinn's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).

Under *Heck*, if "a § 1983 suit for alleged constitutional violations and a judgment in favor of the plaintiff would necessarily imply the invalidity of [his] conviction or sentence, the suit must be dismissed, and the cause of action will not accrue until the conviction or sentence is

overturned or otherwise invalidated." *Lewis v. City of Waxahachie*, 465 F. App'x 383, 385 (5th Cir. 2012). Quinn's claims that he was deprived of due process, unlawfully arrested, and maliciously prosecuted "necessarily implicate the validity of [his] conviction." *Id.* His claims related to the 2023 conviction are therefore *Heck*-barred and should be dismissed.

***Motion to Dismiss.*** Also, RCSD properly points out that Quinn's claims about conduct in 2014 and 2016 are time-barred. In Mississippi, § 1983 claims must be filed within three years. *See Dukes v. City of Lumberton*, No. 2:17-CV-150-KS-MTP, 2017 WL 6373982, at *1 (S.D. Miss. Dec. 13, 2017). The time bar presents an alternative ground for dismissal of these claims against RCSD.

III.    Conclusion

Although RCSD's motion for judgment on the pleadings [8] is correct, it relates to the original Complaint and is therefore moot. But, for the reasons RCSD argued in that motion and as to the Amended Complaint against it, the Court grants RCSD's motion to dismiss [11].

Plaintiff's claims against RCSD are dismissed; RCSD is terminated as a defendant.

Consistent with Judge Harris's February 18, 2026 Text-Only Order, this case is referred to Judge Harris for screening of the Amended Complaint [10] as provided in 28 U.S.C.§ 1915(e) and 28 U.S.C. § 636.

**SO ORDERED AND ADJUDGED** this the 13th day of April, 2026.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

4