UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BOBBY QUINN                                                                    PLAINTIFF

V.                                               CIVIL ACTION NO. 3:25-CV-736-DPJ-ASH

RANKIN COUNTY, MS, ET AL.                                              DEFENDANTS

REPORT AND RECOMMENDATION

This case is before the undersigned on referral from United States District Judge Daniel P. Jordan III for screening of the Amended Complaint pursuant to 28 U.S.C. §§ 636 and 1915(e). Order [19] at 4. As explained below, the undersigned recommends the Court deny pro se Plaintiff Bobby Quinn's motion [13, 14, 15, 16] and dismiss the Amended Complaint with prejudice as frivolous.

I.      Facts and Procedural History

Quinn filed his Complaint against the Rankin County Sheriff's Department (RCSD), along with a motion to proceed in forma pauperis, on September 29, 2025. In his Complaint, Quinn claimed he was "arrested and imprisoned for 6 months as a result of malicious prosecution." Compl. [1] at 2. He said "RCSD officers influenced the outcome of a civil divorce matter, tampered with evidence, and deprived him of counsel and due process." Order [19] at 2 (citing Compl. [1] at 2–3). He also claimed that "[u]nnamed officers of RCSD followed, harassed, and intimidate[d him] while making false allegations under color of law." Compl. [1] at 3. The Court granted Quinn's IPF motion and authorized the issuance of a summons to RCSD. Order [3].

RCSD answered [7] and filed a motion for judgment on the pleadings [8]. Within the time for amendment of the complaint as of right, Quinn filed a 55-page Amended Complaint [10]

on February 6, 2026. The Amended Complaint adds 23 defendants Quinn says are all "working in tandem and collusion" to "have [him] illegally locked up in a prison or in a mental health facility or dead by way of poisoning, kidnapping, or heart attack induced by invisible energy weapons." Am. Compl. [10] ¶ 35. Quinn claims to be the "victim of a lifelong, trauma based, psychological torture experiment commonly known as MKULTRA masterminded by the CIA (Central Intelligence Agency)." *Id.* ¶ 9 (cleaned up). He says he "was chosen for this experiment before [he] was born." *Id.* ¶ 11. He explains that a woman named Quan Yin, who works for the CIA, has a YouTube channel where she discusses Quinn's life. *Id.* ¶¶ 30–34. Among the Defendants Quinn charges with being part of this conspiracy are Rankin County, the CIA, the Department of Defense, the Jackson Police Department, Kemper Life Insurance Company, St. Dominic Hospital, Reliable Rentals Equipment LLC, the Simpson County Sheriff's Department, and Air South Cooling and Heating. Quinn seeks compensatory and punitive damages of $200,000,000. *Id.* ¶ 86.

On February 17, 2026, RCSD moved to dismiss the claims against it in the Amended Complaint. Mot. [11]. The following day, the Court entered a Text-Only Order directing that no process should issue as to the 23 new defendants named in the Amended Complaint "[u]ntil the Court has completed the screening process" provided by 28 U.S.C. § 1915(e)(2). Feb. 18, 2026 Text-Only Order. Quinn did not respond to the motion to dismiss, instead filing on March 13, 2026, a motion seeking Protection [13], Judicial Interference [14], a More Definite Statement of Psych Eval. [15], and Court Appointed Attorney [16].

In his motion, he says that he "believe[s] that [his] life is in jeopardy and [he] cannot let [his] left hand know what the right hand does, simply because of [his] assa[i]lent's stature and governmental power." Mots. [13, 14, 15, 16] ¶ 5. He seems to reference the Court's February 18,

2

2026 Text-Only Order, which he apparently misunderstood: "This court has ordered that no summons go out unless I submit to a mental examination." *Id.* ¶ 14. He explains that he "submit[s] to any drug and mental examination" and "pray[s] that the court would identify if this court would set up the exam or should [he]?" *Id.* ¶ 20. He asks for "JUDICIAL INTERFERENCE AND SEEK[S] WITNESS PROTECTION," and "request[s] a court appointed attorney considering that [his] devices are tapped and [he is] followed." *Id.* ¶¶ 21–22. RCSD responded to Quinn's motion, and on April 13, 2026, Judge Jordan granted RCSD's motion to dismiss the claims against it and referred the case to the undersigned for screening.

II.     Discussion

In cases in which the Court grants a plaintiff IFP status, "§ 1915(e)(2)(B) . . . imposes a screening responsibility on the district court." *Lopez v. Epstein*, No. 2:25-MC-124, 2025 WL 2844335, at *2 (S.D. Tex. Aug. 26, 2025), *report and recommendation adopted*, 2025 WL 2840829 (S.D. Tex. Oct. 7, 2025).[1] Under that section, a court "shall dismiss" an IFP case "if it determines that" it "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A claim "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. And a claim lacks an arguable basis in fact where it "describe[s] fantastical or delusional scenarios." *Id.* at 328.

---

[1] Section 1915(e)(2)(B)'s screening requirement "applies equally to prisoner as well as non-prisoner [IFP] cases." *Lopez*, 2025 WL 2844335, at *2 n.3 (citing *Newsome v. Equal Emp't Opportunity Comm'n*, 301 F.3d 227, 231–33 (5th Cir. 2002)); *see also Walters v. Scott*, No. H-14-1637, 2014 WL 5878494, at *1 (S.D. Tex. Nov. 11, 2014).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But Quinn's pro se status does not "offer[ him an] impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Having reviewed the Amended Complaint and Quinn's motion, the undersigned concludes that Quinn's filings describe fantastic and delusional scenarios. His claims thus lack an arguable basis in fact and should be dismissed as frivolous. *Neiztke*, 490 U.S. at 327–28.

III.    Conclusion and Recommendation

The undersigned recommends that Quinn's motion [13, 14, 15, 16] be denied[2] and his Amended Complaint dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B).

IV.    Notice of Right to Object

In accordance with Federal Rule of Civil Procedure and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy of this report and recommendation, may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party. The District Judge at the time may accept, reject, or modify, in whole or part, the recommendations of the Magistrate Judge, or may receive further

---

[2] "A § 1983 plaintiff, even if demonstrably indigent, is not entitled to appointed counsel as a matter of right." *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015). In particular, "an indigent plaintiff is ineligible for appointment of counsel unless the district court determines that his claims meet a threshold level of plausibility." *Id.* Quinn's Amended Complaint does not surpass this initial hurdle. He is not entitled to appointment of counsel.

evidence or recommit the matter to the undersigned with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court for which there is no objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services, L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted, this the 20th day of April, 2026.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE

5